CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 0 2 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH L. EMERY, | ) | CASE NO. 3:04CV0082 |
| Plaintiff | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART<br>Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's October 4, 2000 claim for a period of disability, disability insurance and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the final agency decision, GRANTING judgment to the defendant and DISMISSING the case from the docket of the court.

In a decision dated January 16, 2004 and eventually adopted as a final agency decision, a Law Judge found that plaintiff met the special earnings requirements of the Act on

1

July 13, 2000, the alleged period of disability onset, and continued to meet them through the date of his decision. (R. 21, 30.)[1] He also found that plaintiff, who was 49 years old at the time with three years of college education and past work as a maintenance person and an emergency medical technician, had not engaged in substantial gainful activity since the alleged date of disability onset, and that he suffered a severe back impairment together with severe arthritis and depression. (R. 26, 30.) The Law Judge did not believe plaintiff's impairments were sufficiently severe to meet or equal any listed impairment. (*Id.*) While he did not make any specific finding that plaintiff was unable to perform his past relevant work, the Law Judge disclosed in the body of his decision that plaintiff was unable to perform " the heavy exertional demands of his past work," which took his consideration to the final level of the sequential evaluation. (R. 29-30.) Finding that plaintiff's allegations concerning his limitations were not totally credible or corroborated by any "medical source," the Law Judge found that plaintiff possessed the residual functional capacity to perform a "significant range" of light work. (*Id.*) By application of the Medical-Vocational Guidelines ("grids"), and by reference to some of the evidence offered by a vocational expert (VE), the Law Judge found plaintiff not disabled under the Act.

While the case was on administrative appeal, plaintiff submitted additional treating source evidence. (R. 449-468.) Essentially, this evidence represents follow-up care plaintiff received for his back impairment along with a treating physician's assessment of plaintiff's physical limitations. The Appeals Council found that neither this evidence nor that in the extant record before the Law Judge provided a basis for review, denied review and adopted

---

[1] The same Law Judge had issued a prior unfavorable decision on November 21, 2002, but the Appeals Council remanded the case to the Law Judge for further proceedings. (R. 37-51.)

the Law Judge's decision as a final decision of the Commissioner. (R. 8-10.)[2] This action ensued.

When a claimant is found to have established a *prima facie* case of disability by demonstrating an inability to perform his/her past relevant work, the burden shifts to the Commissioner to produce evidence that jobs were available to a person with the plaintiff's maladies and limitations. 20 C.F.R. § 404.1520. Should the evidence reveal non-exertional limitations on the claimant's ability to perform work-related activities, a VE is required in order for the Commissioner to discharge her burden. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *Smith v. Bowen*, 837 F.2d 635 (4th Cir. 1987). In that connection, vocational evidence is relevant only if the VE accounts for all the claimant's maladies and their effects, and the hypothetical questions posed to a vocational expert must be broad enough to allow the VE to account for all significant functional limitations disclosed by the substantial evidence. *Hancock v. Barnhart*, 206 F. Supp. 2d. 757 (W.D.Va. 2002) (quoting *Young v. Apfel*, 1999 WL 33117094 (D. Me. 1999) (unpublished)); *see also Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989).

In the instant case, the Law Judge proceeded to the final level of the sequential evaluation, finding plaintiff could perform alternate gainful jobs in the economy which were available to a person with his maladies and their effects. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen,* 829 F.2d 514 (4th Cir. 1987). In his combined motion for summary judgment and supporting brief, plaintiff

---

[2]The Council was of the view that the records submitted did not show a worsening of plaintiff's condition, that they were consistent with the evidence offered the Law Judge and that the evidence did not support the conclusions reached by the treating doctor concerning plaintiff's functional limitations. (R. 9.)

3

contends that the Law Judge did not accord proper weight to the evidence offered by the treating and consulting sources, even those engaged by the Commissioner, failed to give proper weight to plaintiff's testimony and did not pose accurate and comprehensive questions the VE, thereby failing to discharge her burden at the final level of the sequential evaluation.

The Commissioner takes the view in her dispositive motion and brief that substantial record evidence supports her final decision. Specifically, she offers the regulations do not require the Law Judge to have given controlling weight to the treating source opinions where it is not supported by clinical findings or other substantial evidence, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). In light of what she believes were treating source reports showing fairly normal mental functioning, she contends her final decision concerning plaintiff's mental status is supported by substantial evidence. Likewise, she offers that the Law Judge's determination that plaintiff could perform light work is supported by the objective diagnostic evidence, notes from the University of Virginia Pain Management Center which showed that medication was relieving plaintiff's pain and from other clinical medical evidence which showed, for example, that plaintiff was exercising and lifting weight and had increased mobility without the need for medication. Further, she asserts that the Law Judge's determination relating to the credibility of plaintiff's subjective complaints, likewise, is supported by substantial evidence because his symptoms were not so severe as to prevent him from performing a modified range of light work. Finally, the defendant contends that the VE's testimony relating to the availability and number of jobs took into account plaintiff's exertional and non-exertional limitations . Therefore, the Commissioner offers that this portion of the vocational testimony was entitled to be credited by the Law Judge in denying the claim.

As the undersigned sees it, the plaintiff's case rises or falls on whether the Law Judge properly weighed the medical evidence. The balance of the Law Judge's findings concerning plaintiff's limitations and his ability to perform a significant range of light work depend, in large measure, on the resolution of the weight to be given that medical evidence. In that connection, the plaintiff relies, and rightfully so, on the Commissioner's own regulations which require the Law Judge to give controlling weight to treating and other consistent, acceptable medical source evidence because this type of evidence provides a longitudinal perspective of plaintiff's impairments. 20 C.F.R. §404.1527(d)(2), Social Security Ruling (SSR) 96-2p. Plaintiff takes issue with the Law Judge's rejection of he characterizes as consistent, longitudinal medical evidence, including that submitted by Robert Muller, PhD, plaintiff's consulting psychologist who, incidently, often is used by the Commissioner.

Having closely examined the record, it is clear to the undersigned that the Law Judge did not ignore or give improper credit to the treating and other medical evidence or fail to take a longitudinal view of plaintiff's impairments, particularly his mental impairment and its effects. To the contrary, the Law Judge specifically cited treating records from the University of Virginia Department of Psychology in 2002 and 2003 and a report from UVA's Outpatient Psychiatric Services which reveal clinical observations that were not necessarily consistent with plaintiff's subjective complaints. (R. 393- 399; 400-403.) For example, most, if not all, the Resident Follow-Up Notes from the period reveal psychomotor activity within normal limits, a full range of affect, linear thought processes, no perceptual disturbances, no impairment judgment, good impulse control, good attention, good fund of knowledge, good-to-fair insight of illness and no memory impairment. (R. 393-399.) Only once did plaintiff appear irritable. (R.

5

396.) From the undersigned's viewpoint, the medical perspective of the plaintiff does not get any more longitudinal than this, and it provides substantial evidentiary basis for the Law Judge to have given less weight to the plaintiff's evidence, even his subjective complaints about the limitations he claims on his ability to perform work-related activity. In turn, this evidence provides a foundation for the questions framed and posed by Law Judge to the VE, the responses to which revealed that work was available in the economy.

Of course, this is not to say that the plaintiff does not suffer severe impairments. The record certainly shows that he does. However, the medical evidence in this case and the other evidence adduced which relates to plaintiff's activities, constitutes substantial evidence to support the Commissioner denial of plaintiff's claim.[3]

Accordingly, it is RECOMMENDED that an order enter AFFIRMING the final agency decision, GRANTING judgment to the defendant and DISMISSING the case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual

---

[3]It is the underswigned's further view that the Council made findings related to the evidence offered on administrative appeal which meaningfully can be assessed under 42 U.S.C. § 405(g). Thus a remand for the Council to make additional findings is not warranted. *Compare Riley v. Apfel*, 88 F. 2d 572 (W.D. Va. 2000).

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ B. Waugh
U. S. Magistrate Judge

8/2/05
Date